IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERBERT CHARLES GARRION, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-09-240-F |
| ) | |
| WARDEN GREG WILLIAMS, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

The Petitioner, Mr. Herbert Garrion, is a state inmate seeking a writ of habeas corpus, with related requests for an evidentiary hearing and appointment of counsel. The Court should deny the requests.

I.     PROCEDURAL BACKGROUND

Following a jury trial, Mr. Garrion was convicted of second-degree burglary for the break-in involving Ms. Sharon Young's trailer.[1] The Petitioner appealed, alleging:

- insufficient evidence for the conviction,

- deprivation of due process based on admission of an in-court identification following a suggestive pretrial photo display, and

- excessiveness of the sentence.

Brief of Appellant, *Garrion v. State*, Case No. F-2007-542 (Okla. Crim. App. Nov. 7, 2007) ("Petitioner's Direct Appeal Brief"). The Oklahoma Court of Criminal Appeals ("OCCA")

---

[1] Mr. Garrion was also charged with first-degree burglary for a break-in involving Mr. Roy Coleman's home. For this charge, however, Mr. Garrion was acquitted. *See* Transcript of Proceedings, Vol. 1 at pp. 19-20, *State v. Garrion*, Case No. CF-03-5715 (Okla. Co. Dist. Ct. Apr. 23-24, 2007) ("Trial Transcript, Vol. 1"); Transcript of Proceedings, Vol. 2 at pp. 107-108, *State v. Garrion*, Case No. CF-03-5715 (Okla. Co. Dist. Ct. Apr. 25, 2007) ("Trial Transcript, Vol. 2").

affirmed,[2] and Mr. Garrion filed the present action based on the theories that he had unsuccessfully asserted on direct appeal. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 5-8 (Mar. 3, 2009) ("Petition"); Petitioner's Traverse Reply to Respondent's Response to Petition for Writ of Habeas Corpus at pp. 3-11 (May 4, 2009) ("Petitioner's Reply").[3]

II.    STANDARD FOR HABEAS RELIEF

Because the OCCA ruled on the merits of the claim, the federal district court bears a "secondary and limited" role. *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998).

For factual issues, the deference consists of habeas review solely to determine whether the state tribunal's findings were reasonable based on the evidence presented in the Oklahoma courts. *See* 28 U.S.C. § 2254(d)(2) (2000).

For legal issues, the deference limits the inquiry to a determination of whether the OCCA's conclusions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (2000). Thus, "an absolute prerequisite for petitioner's claim is that the

---

[2]    Summary Opinion, *Garrion v. State*, Case No. F-2007-542 (Okla. Crim. App. May 16, 2008) ("Summary Opinion").

[3]    In his reply brief, Mr. Garrion also asserts that his trial attorney was ineffective for failure to object to an in-court identification. Petitioner's Reply at pp. 12-13. But Mr. Garrion did not present this contention in the habeas petition. As a result, this claim is not properly before the Court. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) ("we [ do not] consider arguments raised for the first time in a reply brief"); *see also Hamburg v. Attorney General of the State of Wyoming*, 34 F.3d 1076, 1994 WL 413258, Westlaw op. at 2 (10th Cir. Aug. 5, 1994) (unpublished op.) (refusing to consider habeas claims raised for the first time in a reply brief).

asserted constitutional right on which it rests derive in clear fashion from Supreme Court precedent."[4]

A state court's decision is "contrary to" Supreme Court precedent only if the Supreme Court had rendered an opinion dispositive of the claim.[5] These circumstances may exist when the state court had:

- applied a rule that conflicted with governing Supreme Court precedents or

- reached a conclusion different from the Supreme Court on materially indistinguishable facts.

*See Williams v. Taylor*, 529 U.S. 362, 405-406 (2000) (citation omitted); *see also Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006).[6]

A similar test governs the reasonableness of the state court's application of Supreme Court precedent:

> [A] decision is "objectively unreasonable" when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law. It is not enough that the decision is clearly wrong or that the reviewing court would have reached a contrary decision. In

---

[4] *Carter v. Ward*, 347 F.3d 860, 863 (10th Cir. 2003) (citation omitted); *see Parker v. Scott*, 394 F.3d 1302, 1308-1309 (10th Cir. 2005) ("Even relevant precedent of this circuit cannot prevail absent clear Supreme Court authority." (citations omitted)).

[5] The Tenth Circuit Court of Appeals has quoted with approval the following principle: "'If no Supreme Court precedent is *dispositive* of a petitioner's claim, then, a fortiori, there is no specific rule to which the state court's decision can be contrary.'" *Anderson v. Mullin*, 327 F.3d 1148, 1155 (10th Cir. 2003) (quoting *Vieux v. Pepe*, 184 F.3d 59, 63 (1st Cir. 1999) (emphasis in original)).

[6] In *Bland v. Sirmons*, the Tenth Circuit Court of Appeals stated: "It is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be 'diametrically different' and 'mutually opposed' to the Supreme Court decision itself." *Bland v. Sirmons*, 459 F.3d at 1009 (citation omitted).

other words, . . . the state court decision must be "at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary as to be unreasonable."[7]

The OCCA addressed the merits of the Petitioner's claims. *See* Summary Opinion at p. 2; *see also infra* pp. 7, 11, 16.[8] Thus, the federal district court should exercise deference to the state appeals court's determination. *See supra* pp. 2-4.

III.   REQUEST FOR AN EVIDENTIARY HEARING

In a reply brief, the Petitioner requests an evidentiary hearing. Petitioner's Reply at pp. 1, 14. This request should be denied.

Federal law provides strict requirements for an evidentiary hearing when a petitioner has failed to develop the factual basis for the claims in state court. *See* 28 U.S.C. § 2254(e)(2) (2000). The federal district court may assume *arguendo* that the Petitioner can avoid these requirements based on his request for an evidentiary hearing in the state appellate court.[9] Even with this assumption, Mr. Garrion would not be entitled to an evidentiary hearing.

---

[7]   *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006) (citation omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under [the Antiterrorism and Effective Death Penalty Act of 1996] is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - - a substantially higher threshold." (citation omitted)).

[8]   On appeal, the OCCA identified only two issues: Sufficiency of the evidence and excessiveness of the sentence. Summary Opinion at p. 1. But in discussing sufficiency of the evidence, the OCCA held that the in-court identification had not been "taint[ed]." *Id.* at p. 2 (citations omitted); *see infra* p. 12.

[9]   Petitioner's Direct Appeal Brief at p. 22 (requesting an evidentiary hearing).

In habeas proceedings, an evidentiary hearing is typically designed "to fill a gap in the record or to supplement the record on a specific point." *Pike v. Guarino*, 492 F.3d 61, 70 (1st Cir.) (citations & footnote omitted), *cert. denied*, __ U.S. __, 128 S. Ct. 716 (2007). When a petitioner seeks to fill a gap or supplement the record, he must present "'specific and particularized'" factual allegations to justify an evidentiary hearing. *Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (citation omitted). Thus, an evidentiary hearing is unavailable when a petitioner fails to identify the facts to be developed. *See Matthews v. Sirmons*, 2007 WL 2286239, Westlaw op. at 37 (W.D. Okla. Aug. 6, 2007) (unpublished op.).[10]

Mr. Garrion has not identified any facts to be developed in an evidentiary hearing. As a result, a hearing would appear to serve little purpose, regardless of the habeas claims being advanced. But the actual habeas claims leave little doubt about the futility of an evidentiary hearing.

---

[10] There Judge Russell stated:

> In his general request, Petitioner does not identify what facts he alleges might be developed that would entitle him to habeas relief, and which issues require additional factual support. Without such an indication, the Court cannot determine whether Petitioner's allegations are controverted by the existing factual record. Absent specific allegations, Petitioner's request amounts to mere speculation. Speculation alone is insufficient to warrant or require an evidentiary hearing. Accordingly, Petitioner's requests for an evidentiary hearing are denied.

*Matthews v. Sirmons*, 2007 WL 2286239, Westlaw op. at 37 (W.D. Okla. Aug. 6, 2007) (unpublished op.) (footnote omitted).

The first habeas claim involves insufficiency of the evidence. *See infra* p. 7. Analysis of this claim is limited to "the trial record alone," precluding consideration of additional evidence. *Matthews v. Sirmons*, 2007 WL 2286239, Westlaw op. at 37 (W.D. Okla. Aug. 6, 2007) (unpublished op.). Thus, an evidentiary hearing could not yield information relevant to this claim.[11]

The second habeas claim involves suggestiveness of the victim's identification of Mr. Garrion. *See infra* pp. 10-11. For this type of claim, an evidentiary hearing is unnecessary if the court can resolve the issue based on the existing state court record.[12] Thus, a habeas petitioner is not entitled to an evidentiary hearing when he fails to identify a dispute that would require additional evidence of suggestiveness.[13]

Although Mr. Garrion alleges that the identification process was suggestive, he relies solely on evidence presented in state court. Petition at pp. 6-7; Petitioner's Reply at pp. 8-11. Thus, an evidentiary hearing would serve little purpose on this claim.

---

[11]   *See Matthews v. Sirmons*, 2007 WL 2286239, Westlaw op. at 37 (W.D. Okla. Aug. 6, 2007) (unpublished op.) (holding that an evidentiary hearing was unavailable on a claim involving insufficiency of the evidence because habeas review on the issue was necessarily confined to the trial record).

[12]   *See Griffey v. Lindsey*, 345 F.3d 1058, 1065-66 (9th Cir.) ("As the district court was able to resolve the suggestive identification issues based on the record before it, there was no need for an evidentiary hearing."), *vacated on other grounds*, 349 F.3d 1157 (9th Cir. 2003).

[13]   *See English v. Cody*, 241 F.3d 1279, 1283 (10th Cir. 2001) (stating that the petitioner was not entitled to an evidentiary hearing because he had not identified a dispute "about whether the photographic lineup was suggestive which would require further factual development of the record" (citation omitted)).

The same is true on the Petitioner' third claim, which involves excessiveness of his sentence. *See infra* p. 16. Here, too, Mr. Garrion has relied exclusively on evidence in the state court record. Petition at p. 9. Because he has not asserted any factual allegations requiring further development, an evidentiary hearing would be unnecessary on this claim.[14]

Mr. Garrion has not identified any factual allegations requiring further development, and the Court should overrule the request for an evidentiary hearing.

IV.   SUFFICIENCY OF THE EVIDENCE

The evidence was sufficient for the conviction involving second-degree burglary. The OCCA rejected this theory on direct appeal,[15] and the determination was reasonable.

   A.   <u>Standard for Evaluating Sufficiency of the Evidence</u>

When the sufficiency of evidence is challenged in a habeas action, the federal district court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted). This review is "sharply limited," and federal courts are not to weigh conflicting evidence or consider the credibility of witnesses. *See Messer v. Roberts*, 74 F.3d 1009, 1013

---

[14]   *See Seritt v. State of Alabama*, 731 F.2d 728, 737 (11th Cir. 1984) (holding that the district court had no obligation to conduct an evidentiary hearing on a claim involving proportionality of the sentence because the existing information was sufficient).

[15]   Summary Opinion at p. 2; *see supra* p. 6.

(10th Cir. 1996). "The inquiry is based upon the entire record and the reasoning process actually used by the trier of fact, known or not, is not considered." *Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003) (citation omitted).

The standard for sufficiency of the evidence "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979). Therefore, the Court must consider Oklahoma law in connection with the habeas claim.

### B. The Evidence Was Sufficient to Support a Finding of Guilt

A conviction for second-degree burglary under Oklahoma law requires evidence of:

- breaking and entering,
- a structure,
- of another,
- in which property is kept,
- with the intent to steal.

*See* Okla. Stat. tit. 21 § 1435 (2001); OUJI-CR 5-13 (2d ed.). The OCCA reasonably concluded that the State had met its burden on these elements.

Mr. Garrion argues that the evidence of guilt was insufficient because Ms. Young's eyewitness testimony was unreliable and her testimony was inconsistent.[16] Petition at p. 6;

---

[16] In his reply brief, Mr. Garrion argues that the evidence was insufficient because a sheriff's deputy had testified that he could not conclusively link certain evidence to the Petitioner. Petitioner's Reply at pp. 3-7. But the Court need not address this argument because Mr. Garrion had failed to raise it in the habeas petition. *See supra* note 3.

Petitioner's Reply at pp. 3-7; *see* Petitioner's Direct Appeal Brief at pp. 11-15. According to the Petitioner, Ms. Young's testimony provided an insufficient basis for the conviction because she had only observed the alleged burglar for a few seconds and she had incorrectly stated that:

- the criminal wore a t-shirt with no collar,
- he had glasses,
- the woman in the suspect's vehicle was "elderly," and
- a paper car tag on the offender's vehicle said "Southwest Motors."

Petition at p. 6; Petitioner's Reply at pp. 3-7; *see* Petitioner's Direct Appeal Brief at pp. 11-15.[17]

The state appeals court's analysis of the claim was reasonable based on Supreme Court precedent and the evidence. Ms. Young observed a black man in a yellow shirt flee her home and enter a light blue four door vehicle. *See* Trial Transcript, Vol. 1 at pp. 225-27. For a few seconds, Ms. Young approached within four to five feet of the man. *See id.* at pp. 227-28; *see also infra* pp. 13-14. She memorized the vehicle's license plate number and

---

17 In the habeas petition, Mr. Garrion states:

> The State failed to present sufficient evidence to support Petitioner's conviction beyond a reasonable doubt. Petitioner's conviction was based solely upon the unreliable eyewitness testimony of Sharon Young. The inconsistencies in Ms. Young's testimony were too numerous to determine guilt beyond a reasonable doubt.

Petition at p. 5. Although Mr. Garrion does not identify the alleged inconsistencies in the petition, he has done so in his reply brief and the direct appeal brief. *See* Petitioner's Reply at pp. 5-7; Petitioner's Direct Appeal Brief at p. 13.

immediately wrote it down. *See* Trial Transcript, Vol. 1 at p. 229; *see also supra* pp. 13-14. Inside her home, she saw that her belongings had been disturbed. *See* Trial Transcript, Vol. 1 at pp. 232, 255-56. She reported the incident and police stopped Mr. Garrion's vehicle because it had matched Ms. Young's description. *See id.* at pp. 261-63. Within an hour, police presented Ms. Young with a photographic display and she identified the Petitioner and his vehicle as the individual and car she had seen leaving her home. *See id.* at pp. 246-52. The challenged "inconsistencies" in Ms. Young's testimony and the brevity of her observation did not preclude a finding of guilt.[18] As a result, the OCCA's resolution of the claim did not constitute:

- an unreasonable determination of the facts in light of the evidence,
- a conflict with Supreme Court precedents, or
- an unreasonable application of Supreme Court decisions.

The habeas claim is invalid.

V. ADMISSIBILITY OF MS. YOUNG'S IDENTIFICATION IN COURT

Prior to the trial, the police showed a photograph of the Petitioner to Ms. Young and allegedly identified him as the burglary suspect. *See id.* at pp. 246-48.[19] Ultimately, Ms.

---

[18] *See Battle v. Sirmons*, 304 Fed. Appx. 688, 692 (10th Cir. Dec. 22, 2008) (unpublished op.) (holding that evidence of the petitioner's departure from the scene, combined with testimony that some computer equipment had been disturbed, was sufficient to support a conviction for second-degree burglary).

[19] At trial, Ms. Young denied that the police had described the man in the photograph as the suspect. *See* Trial Transcript, Vol. 1 at p. 246. But at the preliminary hearing, she had apparently acknowledged the suggestion on the part of the police. *See id.* at p. 247. The Court may assume *arguendo* that police had referred to the man in the photograph as the suspect. *See infra* pp. 10-16.

Young identified the man in the photograph as the person who had broken into her trailer. *Id.* at pp. 248-52. Ms. Young was not shown photographs of any other suspects. *See id.* at p. 250. Mr. Garrion argues that the suggestion of himself as the suspect and the absence of any other photographs was unduly suggestive and tainted Ms. Young's subsequent identification of himself at trial. Petition at pp. 6-7; Petitioner's Reply at pp. 8-11. The OCCA's rejection of this claim[20] was reasonable under clearly established federal law and the evidence.

    A.    <u>Constitutional Standard</u>

To prevail on this claim, Mr. Garrion must show that the display of a single photograph to Ms. Young was impermissibly suggestive.[21] The federal district court may assume *arguendo* that this burden has been met.[22] Still, the ultimate issue is the constitutionality of Ms. Young's identification of Mr. Garrion during the trial rather than before trial in the photographic display. *See* Petition at p. 6 (identifying "Ground Two" as

---

[20]     *See supra* note 8; *infra* p. 12.

[21]     *See Romero v. Tansy*, 46 F.3d 1024, 1032 (10th Cir. 1995) ("Where an eyewitness's pretrial photographic identification was not impermissibly suggestive, the admission of her in-court identification of the defendant does not violate the defendant's right to due process." (citations omitted)); *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001) ("In order to prevail on a claim of an unduly suggestive photographic lineup, a defendant has the initial burden of proving that the identification procedure was impermissibly suggestive." (citation omitted)).

[22]     *Compare Manson v. Brathwaite*, 432 U.S. 98, 116 (1977) ("identifications arising from single-photograph displays may be viewed in general with suspicion" (citation omitted)), *with United States v. Flores*, 149 F.3d 1272, 1279 (10th Cir. 1998) ("a photo array consisting of only one photo may be acceptable" under certain circumstances).

the taint of Ms. Young's identification of Mr. Garrion "at trial"). On this issue, the inquiry focuses on the reliability of the in-court identification based on five factors:

- the opportunity of the witness to view the criminal at the time of the crime,

- the witness' degree of attention,

- the accuracy of the witness' prior description of the criminal,

- the level of certainty demonstrated by the witness at the confrontation, and

- the length of time between the crime and the confrontation.[23]

B.  Evidence of the In-Court Identification Did Not Entail a Due Process Violation

The OCCA rejected the Petitioner's claim on direct appeal, stating: "[T]he pre-trial identification procedure did not rise to the level of plain error, as it did not taint the in court identification, nor was there an existence of a great likelihood of irreparable misidentification." Summary Opinion at p. 2; *see supra* note 8. This language reflected the

---

[23] *See Neil v. Biggers*, 409 U.S. 188, 199-200 (1972); *see also Snow v. Sirmons*, 474 F.3d 693, 720 (10th Cir. 2007) (stating that the factors in *Neil v. Biggers* govern the reliability of "an in-court identification"); *Young v. Sirmons*, 486 F.3d 655, 664 (10th Cir. 2007) (stating that the five factors governed the test for reliability in connection with the admissibility of an "extrajudicial identification and any subsequent in-court identification").

inquiry on reliability dictated by Supreme Court precedents.[24] The OCCA's consideration of this inquiry was reasonable under Supreme Court precedents and the evidence.[25]

First, Ms. Young testified that from about 300 feet, she had seen a tall black man with a mustache and a bright yellow shirt running out her front door.  *See* Trial Transcript, Vol. 1 at p. 227; *see also supra* p. 9.  Eventually, however, she observed the Petitioner:

- in a light blue four door vehicle,

- from a distance of approximately four to five feet, and

- in the daylight.

*See* Trial Transcript, Vol. 1 at pp. 227-28, 233, 238; *see also supra* p. 9.  Ms. Young also saw the vehicle's license plate, which she memorized and immediately wrote down.  *See* Trial

---

[24] The Tenth Circuit Court of Appeals has stated:

> If the court determines that the procedure was unnecessarily suggestive, we then examine "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." Stated differently, we evaluate the reliability of the identification under the totality of the circumstances to determine whether the suggestive show-up "created a substantial likelihood of irreparable misidentification."

*United States v. Bredy*, 209 F.3d 1193, 1195 (10th Cir. 2000) (citations omitted).

[25] *See Manson v. Brathwaite*, 432 U.S. 98, 109, 114-17 (1977) (holding that introduction of evidence of an identification was constitutional, based on its reliability notwithstanding the respondent's concession that a single photographic display had been unnecessarily suggestive).

Transcript, Vol. 1 at pp. 226, 229-30.  Although the entire incident lasted no more than fifteen seconds,[26] Ms. Young's observations could support a finding of reliability.[27]

Second, when Ms. Young saw the suspect before trial, she was able to identify his shirt, the color of his car, and the license plate number.  *See id.* at pp. 227-31; *see also supra* pp. 9, 13-14.  Ms. Young's "ability to recall a number of descriptive details" shows that she had focused on the suspect when she saw him leaving her trailer.[28]

Third, Ms. Young's description appeared to be accurate.  For example, when she saw the robber flee, she noted the license plate number:  "FHD 787."  *See* Trial Transcript, Vol. 1 at pp. 228-30; *see also supra* pp. 9, 13-14.  Shortly thereafter, Mr. Garrion was stopped while driving a vehicle bearing this tag number.  *See* Trial Transcript, Vol. 1 at pp. 261, 263; Trial Transcript, Vol. 2 at p. 17; *see also supra* p. 10.  Mr. Garrion was then in a light blue automobile, which matched Ms. Young's description in a "911" call immediately after the robbery.  *See* Trial Transcript, Vol. 1 at p. 230; Trial Transcript, Vol. 2 at p. 12.  Ms.

---

[26]   *See* Trial Transcript, Vol. 1 at p. 241; *see also supra* p. 9.

[27]   *See United States v. Williams*, 605 F.2d 495, 498 (10th Cir. 1979) (holding that a pretrial identification was reliable in part because the witness was within five feet of the robbery); *United States v. Hennefer*, 166 F.3d 349, 1998 WL 842242, Westlaw op. at 2 (10th Cir. Nov. 25, 1998) (*per curiam*) (unpublished op.) (holding that observation of the suspect from a car, seven to fourteen feet away in the dark, supported reliability of in-court identifications); *see also O'Brien v. Wainwright*, 738 F.2d 1139, 1141-42 (11th Cir. 1984) (holding that an identification was reliable even though the view lasted only seconds); *United States v. Burnette*, 698 F.2d 1038, 1045-46 (9th Cir. 1983) (holding that observation of a robber for approximately sixteen seconds was reliable).

[28]   *United States v. Bredy*, 209 F.3d 1193, 1196 (10th Cir. 2000); *see also United States v. Maloney*, 513 F.3d 350, 356 (3d Cir. 2008) (upholding a determination that the identification was reliable in part because the witness "was close enough" to the suspect's vehicle "to read its license plate").

Young's description of the car and notation regarding the tag number, which matched the vehicle Mr. Garrion was driving, lend further support to the reliability of the in-court identification.[29]

Fourth, Ms. Young's in-court identification of Mr. Garrion was unequivocal,[30] which again suggests reliability.

---

[29] *See United States v. Saunders*, 501 F.3d 384, 393 (4th Cir. 2007) (noting that a determination of reliability was supported by a match between the description of a robber's vehicle and the vehicle that the defendant was seen fleeing), *cert. denied*, __ U.S.__, 128 S. Ct. 1107 (2008).

[30] At trial, the exchange was:

> Q. Now, the individual that you saw coming out of your trailer and jump into this car, do you see him in the courtroom today?
>
> A. I do.
>
> Q. Could you tell us where he's seated and what he's wearing?
>
> A. The gentleman in the – the black gentleman in the black suit at this table.
>
> Q. What color shirt is he wearing?
>
> A. A burgundy-colored shirt.
>
> MR. GARRISON: Your Honor, would the record reflect that the witness has identified the Defendant, Herbert Garrion?
>
> THE COURT: The record will so reflect.

Trial Transcript, Vol. 1 at p. 228.

Fifth, Ms. Young identified the Petitioner within an hour and a half after the burglary occurred. *See* Trial Transcript, Vol. 1 at p. 239. The brevity of this interval adds to the reliability of the identification.[31]

As stated, the issue on habeas review is simply the reasonableness of the OCCA's determination under Supreme Court precedents and the evidence. *See supra* pp. 2-4. The OCCA's determination was reasonable when the evidence is viewed under the five factors created by the Supreme Court. *See supra* pp. 11-12. As a result, the federal district court should reject the habeas claim.

## VI.     EXCESSIVENESS OF THE SENTENCE

Mr. Garrion contends that his fifteen-year sentence was excessive and should be modified to six years, the minimum possible sentence. Petition at p. 8. The OCCA rejected this claim on direct appeal, stating that the sentence did not "shock the conscience" of the court. Summary Opinion at p. 2. The OCCA acted reasonably in its disposition of the claim.

---

[31]     *See United States v. Natalini*, 42 Fed. Appx. 122, 128 (10th Cir. June 11, 2002) (unpublished op.) ("the two-hour gap between the robbery and the identification is insufficient to cast doubt on the reliability of the identification"); *United States v. Hennefer*, 166 F.3d 349, 1998 WL 842242, Westlaw op. at 2 (10th Cir. Nov. 25, 1998) (*per curiam*) (unpublished op.) (holding that a passage of "one to two hours" "clearly weighs in favor of reliability" (citations omitted)); *see also United States v. Thody,* 978 F.2d 625, 629 (10th Cir. 1992) (determining that witnesses' identification testimony was sufficiently reliable in part because "only one week separated the confrontation from the robbery"); *Grubbs v. Hannigan*, 982 F.2d 1483, 1490 (10th Cir. 1993) (holding that an identification from a pretrial display of photographs was reliable in part because it had taken place "within a week of the crime"); *United States v. Wiseman*, 172 F.3d 1196, 1211 (10th Cir. 1999) (holding that the passage of three weeks to three months, since the crimes, weighed in favor of reliability for identifications from photo arrays).

The constitutional benchmark is whether the sentence was grossly disproportionate to the offense. *See Hawkins v. Hargett*, 200 F.3d 1279, 1282 (10th Cir. 1999). In considering proportionality, the Court may consider:

- the legislative determination of an appropriate sentence range[32] and
- a legislative enhancement of the sentence for prior convictions.[33]

A sentence will be deemed excessive only in extraordinary circumstances.[34]

Both factors support the OCCA's determination. For example, the Oklahoma legislature decided to enhance the penalty for repeat offenders, raising the maximum sentence to life imprisonment for second-degree burglary when an offender had at least two prior felony convictions. *See* Okla. Stat. tit. 21 § 51.1(C) (2002 supp.). And Mr. Garrion had six such convictions in his past. *See* Trial Transcript, Vol. 2 at pp. 111-18. As a result, the OCCA's determination is supported by: (1) the legislative decision to enhance the punishment for recidivists; (2) the existence of six prior convictions; and (3) the sentencing range, which would have allowed life imprisonment. In these circumstances, the OCCA's

---

[32] *See Hawkins v. Hargett*, 200 F.3d at 1284-85.

[33] *See United States v. Gurule*, 461 F.3d 1238, 1247-48 (10th Cir. 2006) (rejecting a proportionality claim in part because legislatures can enhance the punishment for recidivists).

[34] *See Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) ("The gross disproportionality principle reserves a constitutional violation for only the extraordinary case."); *see also United States v. Angelos*, 433 F.3d 738, 750 (10th Cir. 2006) ("Although the Supreme Court has reviewed Eighth Amendment challenges to a number of state and federal sentences, it has struck down only two of them over the past century.").

conclusion cannot be regarded as contrary to, or an unreasonable application of, Supreme Court precedents.[35]

## VII. THE PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL

In his reply, Mr. Garrion requests appointment of counsel. Petitioner's Reply at pp. 1-2, 14. This request should be denied.

Mr. Garrion seeks appointment of an attorney to conduct the proposed evidentiary hearing. *See id.* As discussed above, the Court should decline to conduct an evidentiary hearing. *See supra* pp. 4-7. Even in the absence of an evidentiary hearing, the Court can appoint counsel in habeas proceedings when "the interests of justice so require." Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B) (2000). But Mr. Garrion has not identified any reason for legal representation apart from the request for an evidentiary hearing. As a result, the Court should deny the request for appointment of counsel.

## VIII. RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

For the reasons discussed above, the undersigned recommends denial of the requests for an evidentiary hearing, appointment of counsel, and issuance of a writ of habeas corpus.

The Petitioner can object to this report and recommendation. To do so, Mr. Garrion must file an objection with the Court Clerk for the Western District of Oklahoma. The

---

[35] *See Wymer v. Workman*, 311 Fed. Appx. 106, 108-10 (10th Cir. Feb. 6, 2009) (unpublished op.) (holding that 35 years in prison was not constitutionally excessive for a first-degree burglary conviction when the petitioner had multiple violent felony convictions in his past); *accord Bocian v. Godinez*, 101 F.3d 465, 473 (7th Cir. 1996) (upholding rejection of a habeas claim because the state courts' 55-year prison term for burglaries was not contrary to, or an unreasonable application of, *Harmelin v. Michigan*, 501 U.S. 957 (1991)).

deadline for objections is July 13, 2009. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested rulings.[36]

IX.  STATUS OF THE REFERRAL

The referral is terminated.

Entered this 23rd day of June, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[36]  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").